ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

GREGG PARIS YATES #8225
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 30 2018

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 18-00158 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA |
| | ) | AGREEMENT |
| vs. | ) | |
| | ) | Date: October 30, 2018 |
| ANDREW WAKUZAWA, | ) | Time: 10:30 a.m. |
| | ) | Judge: Kevin S.C. Chang |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, ANDREW WAKUZAWA, and his attorney, Salina Kanai Althof, Esq., have agreed upon the following:

1. Defendant acknowledges that he has been charged in an Information with violating Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count 1 of the Information charging him with conspiracy to possess with intent to distribute quantity of 3, 4-methylenedioxymethamphetamine, also known as MDMA, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), and 846. In return, the prosecution agrees to move to dismiss the Indictment filed in the U.S. District Court for the Eastern District of Missouri charging Defendant with conspiring to distribute and possess with intent to distribute MDMA.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of conspiring to possess with the intent to distribute MDMA as charged in Count 1 of

the Information, and agrees that this plea is voluntary and not the result of force or threats.

7. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

a. a term of imprisonment which may not more than 20 years, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $1,000,000, plus a term of supervised release of at least three years and up to life as to Count 1,

b. At the discretion of the Court, Defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, Defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

c. In addition, the Court must impose a $100 special assessment as to each count to which Defendant is pleading guilty. Defendant

agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. On December 23, 2016, agents from Customs and Border Protection (CBP) at John F. Kennedy Airport in New York City intercepted a parcel containing 506 units of a suspected controlled substance, addressed to a person who resided on campus at St. Louis University in St. Louis, Missouri. The suspected controlled substance was field tested to confirm the presence of MDMA. The matter was transferred to the Drug Enforcement Administration (DEA) in St. Louis, Missouri. The DEA contacted St. Louis University and arranged for a consensual interview with the parcel's addressee. The interview took place on January 25, 2017. During that and subsequent interviews, the parcel addressee admitted that he had ordered the aforementioned MDMA, and that he had done so

4

on behalf of Defendant, whom he knew to be an MDMA dealer who resides in the District of Hawaii.

  b. On or about January 30, 2017, DEA agents drove to parcel addressee's residence, and the parcel addressee handed them two sealed DVD cases, each containing a shrink-wrapped and sealed mylar bag containing pink tablets marked "Red Bull."

  c. On February 10, 2017, the parcel addressee called DEA agents to inform them that he had received another shipment of MDMA from overseas, which was related to the previous order for Defendant. The parcel addressee drove to the DEA's offices with two more sealed DVD packages in a sealed envelope. The DEA opened the DVD boxes and found within each a mylar bag, which contained pink tablets marked "Red Bull." The parcel addressee agreed to become a cooperating source (CS) for the DEA. The DEA later submitted the suspected MDMA that it seized from the CS on January 30, 2017 and February 10, 2017 to a laboratory for formal testing; the laboratory confirmed that the two seizures represented over 197 grams of MDMA.

  d. On April 19, 2017, DEA agents met with the CS, who showed them Snapchat instant messages from Defendant, discussing another

MDMA order. Defendant ordered "1k," which the CS understood to mean 1,000 tablets of MDMA.

   e. On or before May 2, 2017, the CS informed DEA agents that Defendant had deposited $2,000 into his account. On May 2, 2017, the CS placed a recorded call to Defendant. The CS confirmed receipt of the $2,000 and asked Defendant what he wanted the CS to do with it. Defendant replied "order." When asked what specifically Defendant wanted to order, Defendant replied "Ah, same thing. Try same thing as last time. Some red bulls, dog." The CS understood this to refer to pink Red Bull logo stamped MDMA tablets. The CS did not complete the order.

   f. On June 13, 2017, DEA did a controlled delivery of a parcel containing pseudo-MDMA to WAKUZAWA's address in Hawaii, which the DEA verified with the Department of Motor Vehicles. WAKUZAWA was not home and did not return before the DEA ended the operation. Later, the DEA returned and conducted a consensual "knock and talk" interview with WAKUZAWA. DEA agents read WAKUZAWA his rights, and WAKUZAWA waived them and agreed to be interviewed. WAKUZAWA admitted to ordering MDMA from the CS for delivery in June 2017. WAKUZAWA also admitted to having ordered MDMA through the CS since July 2016.

9. Pursuant to Crim. L. R. 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing. Defendant is charged with, and pleading guilty to, conspiracy to possess with intent to distribute MDMA. The Agreement to plead guilty to the conspiracy count reflects the essence of Defendant's conduct, that is, an agreement to possess with intent to distribute MDMA.

10. Pursuant to Crim. L. R. 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

   a.   Factual stipulations

Quantity of MDMA involved
in Count I, Including Relevant Conduct:

| Drug Seizure | Controlled Substance: | Net Weight: |
|---|---|---|
| 1/30/17 | MDMA | 106.072 g ± .001 g |
| 2/10/17 | MDMA | 91.369 g ± .001 g |

MDMA is a Schedule I controlled substance.

7

b.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if Defendant is otherwise eligible. Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.  The parties are presently unaware of any factual disputes affecting the sentencing of Defendant herein that would be appropriate for disclosure, pursuant to Section 6B1.4(b) of the Sentencing Guidelines.

13. Defendant is aware that he has the right to appeal his conviction and the sentence imposed. Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to Defendant, Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could

be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

      b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of Defendant's guilt beyond a reasonable doubt.

      d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses

and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

  e. At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the indictment.

  17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

  18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

  19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal

to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. In the event that Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e),

the prosecution or government may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b. This Agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

    d. Even in the event that the prosecution makes such a request

///
///
///
///
///
///
///

or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

DATED: Honolulu, Hawaii, __OCT 3 0 2018__.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
KENNETH M. SORENSON
Chief, Criminal Division

_____
ANDREW WAKUZAWA
Defendant

_____
GREGG PARIS YATES
Assistant U.S. Attorney

_____
SALINA KANAI ALTOF, Esq.
Attorney for Defendant

15